## HOODLETT v HOODLETT

Ohio Appeals, 4th Dist, Athens Co

Decided March 14, 1932

Woolley & Rowland, Athens, for plaintiff.
L. A. Koons, Athens, and M. D. Hughes, Athens, for defendant.

MAUCK, PJ.

The evidence does not sustain the charge of fraud. There was no consideration for the notes.· The defendant is the son of the plaintiff, and the evidence shows that he was helpful to his father and to his father's household and as a young man he contributed to the upkeep of the family. It further shows that the land in question came to the plaintiff by devise from his former wife, the mother of the defendant. These circumstances tend to show the existence of what is sometimes called a moral consideration, or a good consideration, sufficient to sustain an executed gift. It is, however, the general rule, and particularly the rule of this state, that a promise to pay is still nothing but a promise although reduced to writing and called a promissory note, and that the delivery of a promissory note is nothing more than the delivery of the promise to pay and is unenforcible for want of consideration. **Hamor v Moore, 8 Oh St 242.** This general proposition is admitted by counsel for the defendant and with commendable frankness they state in their brief:

"Defendant admits that at the time of the making of the mortgage he had no money claim that could be asserted against the plaintiff; that the consideration was merely moral, and that it would not be a valid consideration for a purely commercial contract."

It is sought to avoid the effect of this admission by asserting that where a promise of this character is between members of the same family, and constitutes a family settlement and an adjustment of family affairs, a different rule prevails. Authorities are cited to the end that in family adjustments the rule requiring consideration is sometimes relaxed. The evidence in this case, however, does not show any compromise of family affairs and authorities to that end in our view are not in point. Other authorities in other jurisdictions are cited in an attempt to show that even in a case of this kind an obligation of this character might be sustained even though there was no consideration therefor. The most apt of these is the Sutch case, 201 Pa. St. 305; 50 Atl. 943. While the facts in that case are similar to those at bar the Penn-

sylvania court held that the notes in question were good because they rested on a moral consideration, and such consideration seems to be good in that state, at least within the family circle. Such, however, is not the law in this state. That question seems to have been definitely settled by **Flanders v Blandy, 45 Oh St 108.** An attempted gift to a daughter in that case, evidenced by a written promise, was held insufficient because of a lack of consideration to support that promise.

It is quite true that when the plaintiff voluntarily placed himself in the position in which he now finds himself a court of equity might in its discretion refuse him its offices and remit him to such rights as he has at law. He is, however, a man of limited means, has a wife and baby dependent upon him, and while there is no reason to doubt that upon his death his administrator would successfully resist the collection of these notes, and no reason to apprehend that during his life the plaintiff might realize upon the same, fuller justice will be accomplished by the cancellation of the mortgage now.

Finally, it is further argued with much force and great ingenuity that the record shows that the deceased wife and mother actually meant only to devise the property to her husband for life with remainder to the defendant son; that the plaintiff should be decreed to be a trustee ex maleficio for the benefit of the defendant, the equitable owner of the beneficial interest in the remainder estate, pursuant to the doctrine of **Winder v Scholey, 83 Oh St 204.**

The answer to this ingenious theory is three-fold: First, no such trust is pleaded in the answer. Second, while the answer might now be amended if justice required it the assertion of a trust at this time would be barred by the statute of limitations. Third, the evidence could not be said under any state of the pleadings to be so clear and conclusive as to enable us to engraft a trust upon the will.

No question has been raised to the effect that the plaintiff himself was trying to commit a fraud and therefore comes into equity with unclean hands.

A decree will be entered in favor of the plaintiff but as the costs incurred have been due to his own improvidence the costs in this as well as in the Court of Common Pleas will be taxed against the plaintiff.

Decree for plaintiff.

MIDDLETON and BLOSSER, JJ, concur.